THE CAIRO AND FULTON RAILROAD vs. TITUS and SCUDDER.

1. A suit instituted in a court of another state upon a judgment recovered in this state, is not within the prohibition of the Chancery act, that no injunction shall issue to stay proceedings at law in any personal action after verdict or judgment, on the application of a defendant in such proceedings at law, unless a deposit be made or a bond be given.

2. The legislative intent by the expression, "proceedings at law in a personal action after verdict or judgment,"—*held* to have been, proceedings at law in the suit by execution or otherwise. *Held*, also, that it would be a reasonable construction to extend the prohibition to a suit at law in this state, upon the judgment; but not to a suit at law thereon, in another state.

3. Where an injunction had been issued, (without requiring the bond or deposit required by the act,) restraining the defendant who had recovered a judgment in this state, not only from suing on the judgment in any court out of this state, but from taking any proceedings in this state, a deposit or bond according to the statute was required, unless the complainant should consent to modify the injunction so as only to restrain the defendants from proceeding on the judgment out of this state; in default thereof, the injunction to be dissolved.

On motion to dissolve injunction.

*Mr. Cortlandt Parker*, for the motion.

*Mr. Thomas N. McCarter*, contra.

THE CHANCELLOR.

The question presented is, whether, under the statute which provides that no injunction shall issue to stay proceedings at law in any personal action after verdict or judgment, on the application of a defendant in such proceedings at law, unless a deposit be made or bond be given, a bond or deposit should be required in this case. The defendants recovered a judgment in the Supreme Court of this state, on the 9th of June, 1874, against the complainants (who were, and are, a foreign corporation, but submitted themselves to the jurisdiction) for $19,434.67, in a personal action. The complainants filed

Cairo and Fulton R. R. v. Titus.

their bill to restrain the defendants from collecting the judgment, and an injunction was issued restraining them from collecting or receiving any more money on account of the judgment, and from taking, instituting, or prosecuting any further, or other proceedings of any kind, in any court or place, for the collection of the judgment, or any part thereof, until the further order of this court. No bond or deposit was required on granting the writ. The defendants now move to dissolve the injunction for want of a bond or deposit. It appears that after the recovery of the judgment, the defendants threatened to prosecute upon it in the State of Missouri, where the complainants are located, and an arrangement was entered into between the parties, by which the complainants were to pay the judgment in installments, unless it should be reversed in error, or proceedings thereon restrained in equity; in which case all payments made in pursuance of the agreement should be regarded as having been made compulsorily on execution. The question here is, whether a suit instituted in a court outside of this state, upon a judgment recovered in this state, is within the inhibition of the act above referred to. The defendants' counsel argued that the design of the legislature in the enactment of the prohibition in question, was to give the plaintiff in a judgment at law the benefit of the legal adjudication in his favor in the establishment of his debt; and to that end, to prohibit this court from staying, at the suit of the defendant in a judgment, the plaintiff in such judgment in any proceedings at law he may see fit to take here or elsewhere, for the collection of his judgment debt, unless it shall first require security. On that construction, the inhibition would, equally, apply to an application to stay proceedings by suit at law in a court of this state, on a judgment of a court of another state; so that whatever fraud might have been practiced on a citizen of this state, in obtaining a judgment against him in a foreign state, he would apply in vain to equity here for relief against a suit at law instituted against him in this state on the judgment, unless he could make deposit or give bond, with security, for the amount of

the judgment; and this, too, although he might have had no notice of the suit in which the judgment was recovered. I am not willing to adopt that construction. I am of opinion that the legislature meant by the expression, " proceedings at law in a personal action after verdict or judgment," proceedings at law in the suit by execution, or otherwise. It would be a reasonable construction, to extend the prohibition to a suit at law here upon judgment recovered in this state. A suit at law, in another state, upon the judgment, is not within the meaning of the provision. In the case before me, there were no proceedings at law in Missouri on the judgment when the injunction was granted, but only an agreement which looked to, and provided for, the contingency of an injunction here, such as has been issued. The injunction, however, by its terms, not only restrains the defendants from suing on the judgment in any court or courts out of this state, but it goes further, it prohibits the defendants from taking any proceedings in this state. Although it appeared to be conceded on the argument, that the complainants have no property here, and that the prohibition, so far as it affects proceedings in this state, is practically of no importance, and its whole effect is, in fact, to restrain the defendants from proceeding by suit out of this state; yet, it ought not, unless by consent of parties, to stand in its present dimensions, without deposit or bond. Unless, therefore, the complainants modify it so as to confine it to restraining the defendants from proceeding on the judgment out of this state, an order will be made, requiring a deposit or bond according to the statute; and in default thereof, the injunction will be dissolved.